AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of New York

RIZO MURATOVIC )
)
*Plaintiff* )
)
v. ) Civil Action No. 13CV2842 (CBA)(CLP)
THE CITY OF NEW YORK, ET AL. )
)
*Defendant* )

Amended
**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*  MICHAEL A. CARDOZO, Corporation Counsel of the City of New York, 100 Church Street, New York, New York 10007   New York, NY
DETECTIVE VINCENT ESPOSITO, Shield No. 5930, Narcotics Bureau Queens 1, Police PLaza, Room 1100, New York
SGT. CRAIG KEARNEY, Narcotics Bureau Queens 1, Police PLaza, Room 1100, New York

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   JON L. NORINSBERG
225 Broadway, Suite 2700
New York, N.Y. 10007

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____    _____
*Signature of Clerk or Deputy Clerk*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
RIZO MURATOVIC

                       Plaintiff,

-against-

THE CITY OF NEW YORK, DETECTIVE VINCENT ESPOSITO, Shield No. 5930, SERGEANT CRAIG KEARNEY and P.O.s "JOHN DOE" #1-10, Individually and in their Official Capacities, (the name John Doe being fictitious, as the true names are presently unknown), sergeant

                       Defendants.
------------------------------------------------------------------X

**AMENDED COMPLAINT**

13CV2842(CBA)(CLP)

        Plaintiff, Rizo Muratovic, by his attorney, Jon L. Norinsberg, Esq., complaining of the defendants, respectfully alleges as follows:

### PRELIMINARY STATEMENT

1.    Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

### JURISDICTION

2.    This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

3.    Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

### VENUE

4.    Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff is a Caucasian male and was at all relevant times a resident of the City and State of New York.

7. Defendant, the City of New York, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, the City of New York, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, the City of New York.

9. At all times hereinafter mentioned, the individually named defendants, DETECTIVE VINCENT ESPOSITO, Shield No. 5930, SERGEANT CRAIG KEARNEY and P.O.s "JOHN DOE" #1-10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. At all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant City of New York.

12. Each and all of the acts of the defendants alleged herein were done by said

defendants while acting in furtherance of their employment by defendant City of New York.

## FACTS

13. On or about December 18, 2012, at approximately 6:00 a.m., plaintiff Rizo Muratovic was sleeping in his apartment at 6350 74th Street, Apartment 2, Middle Village, NY 11379, in the county of Queens, in the City and State of New York.

14. At the aforesaid time and place, defendant police officers forcibly entered the premises with their guns drawn, demanding to know where the drugs or guns were.

15. Defendant police officers did not have any warrant to enter Apartment 2.

16. Defendant police officers knew that they did not have a legal right to enter Apartment 2, but did so anyway.

17. Notwithstanding this fact, defendant police officers broke down the door to apartment 2 and proceeded to conduct an illegal search for guns and drugs.

18. At no time did plaintiff Rizo Muratovic *ever* possess a firearm or illegal narcotics; much less keep them inside his home.

19. Plaintiff Rizo Muratovic denied having any firearms or narcotics on his person or inside his home.

20. Defendant police officers then proceeded to unlawfully search Rizo Muratovic's home, finding no firearms or narcotics whatsoever.

21. While conducting this unlawful search, defendant police officers pointed their firearms directly at plaintiff Rizo Muratovic's wife and infant daughter.

22. Thereafter, defendant police officers arrested Rizo Muratovic and brought him to the 104th precinct.

23. Despite finding no such firearms or narcotics, plaintiff Rizo Muratovic was

nonetheless arrested for, Criminal Possession of a Weapon in the Second Degree and Criminal Possession of a Controlled Substance in the Third Degree.

24. In connection with this arrest, defendant police officers filled out false and misleading police reports and forwarded them to prosecutors in the Queens County District Attorney's Office.

25. Plaintiff was thereafter arraigned on December 19, 2012 at approximately 9:30 A.M.

26. As a result of this unlawful arrest, plaintiff Rizo Muratovic spent approximately one (1) day in jail, and was required to make multiple court appearances to defend himself against the false charges which defendants had filed against him.

27. Furthermore, plaintiff Rizo Muratovic was terminated from his teaching position at the College of Staten Island on January 4, 2013 as a direct result of his unlawful arrest.

28. Notwithstanding defendants' unlawful and perjurious conduct, on February 28th 2012, all charges against plaintiff Rizo Muratovic were dismissed.

29. As a result of the foregoing, plaintiff Rizo Muratovic sustained, inter alia, loss of liberty, emotional distress, loss of earnings, embarrassment and humiliation and deprivation of his constitutional rights.

**FIRST CLAIM FOR RELIEF**
**DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983**

30. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "29" with the same force and effect as if fully set forth herein.

31. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

32. All of the aforementioned acts deprived plaintiff Rizo Muratovic of the rights,

privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

33. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

34. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

35. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

36. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37. As a result of defendants' aforementioned conduct, plaintiff Rizo Muratovic was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings, without any probable cause, privilege or consent.

38. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

## THIRD CLAIM FOR RELIEF
## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

39. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40. Defendants misrepresented and falsified evidence before the District Attorney.

41. Defendants did not make a complete and full statement of facts to the District Attorney.

42. Defendants withheld exculpatory evidence from the District Attorney.

43. Defendants were directly and actively involved in the initiation of criminal proceedings against Rizo Muratovic.

44. Defendants lacked probable cause to initiate criminal proceedings against plaintiff Rizo Muratovic.

45. Defendants acted with malice in initiating criminal proceedings against plaintiff Rizo Muratovic.

46. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff Rizo Muratovic.

47. Defendants lacked probable cause to continue criminal proceedings against plaintiff Rizo Muratovic.

48. Defendants acted with malice in continuing criminal proceedings against Rizo Muratovic.

49. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

50. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal

proceedings were terminated in plaintiff Rizo Muratovic's favor on February 28, 2012, when all charges against him were dismissed.

51. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, lost earning, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

### FOURTH CLAIM FOR RELIEF
### DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL
### UNDER 42 U.S.C. § 1983

52. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "51" as if the same were more fully set forth at length herein.

53. Defendants created false evidence against plaintiff Rizo Muratovic.

54. Defendants forwarded false evidence and false information to prosecutors in the Queens County District Attorney's Office.

55. In creating false evidence against plaintiff Rizo Muratovic, in forwarding false evidence and information to prosecutors, and in providing false and misleading testimony, defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

56. As a result of the defendants' fabrication of evidence, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, lost earnings, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

### FOURTH CLAIM FOR RELIEF
### MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

57. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "56" with the same force and effect as if fully set forth herein.

58. The aforementioned individual defendants issued legal process to place plaintiff Rizo Muratovic under arrest.

59. The aforementioned individual defendants arrest plaintiff Rizo Muratovic in order to obtain a collateral objective outside the legitimate ends of the legal process.

60. The aforementioned individual defendants acted with intent to do harm to plaintiff Rizo Muratovic, without excuse or justification.

61. As a result of the foregoing, plaintiff Rizo Muratovic sustained, *inter alia*, mental anguish, shock, fright, apprehension, embarrassment, loss of earnings, humiliation, and deprivation of his constitutional rights.

### FIFTH CLAIM FOR RELIEF
### MUNICIPAL LIABILITY

62. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "61" as if the same were more fully set forth at length herein.

63. Defendants arrested and incarcerated plaintiff Rizo Muratovic in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize plaintiff's liberty, well-being, safety and constitutional rights.

64. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

65. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, including, but not limited to, conducting unlawful searches and seizures without probable cause to do so, all under the supervision of ranking officers of said department.

66. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted a deliberate indifference to the safety, well-being and constitutional rights of plaintiff Rizo Muratovic.

67. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff Rizo Muratovic as alleged herein.

68. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff Rizo Muratovic as alleged herein.

69. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff Rizo Muratovic was incarcerated unlawfully for one (1) day, and was terminated from his teaching position at the College of Staten Island.

70. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff Rizo Muratovic.

71. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff Rizo Muratovic's constitutional rights.

72. All of the foregoing acts by defendants deprived plaintiff Rizo Muratovic of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from seizure and arrest not based upon probable cause;

    C.    To be free from unwarranted and malicious criminal prosecution;

    D.    Not to have cruel and unusual punishment imposed upon him; and

    E.    To receive equal protection under the law.

**WHEREFORE**, plaintiff Rizo Muratovic demands judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees, costs, and disbursements of this action.

Dated: New York, New York
       October 24, 2013

BY: _____
JON L. NORINSBERG (JN-2133)
Attorney for Plaintiff
225 Broadway, Suite 2700
New York, N.Y. 10007
(212) 791-5396

INDEX NO. 13cv2842(CBA)(CLP)                                           YEAR
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

RIZO MURATOVIC,

                                  Plaintiff,
             -against-

THE CITY OF NEW YORK, "JOHN DOE" #1-10, Individually and in their Official Capacities, (the name John Doe being fictitious, as the true names are presently unknown),

                                  Defendants.

## AMENDED SUMMONS AND COMPLAINT

**JON L. NORINSBERG**
*Attorney for* Plaintiffs
*Office and Post Office Address, Telephone*
225 Broadway - Suite 2700
New York, New York 10007
(212) 791-5396

Signature (Rule 130-1.1a) _____

Print Name Beneath

To
Attorney(s) for    Defendants

Service of a copy of the within is hereby admitted.            Dated
                                                    _____

Attorney(s) for

PLEASE TAKE NOTICE

☐    **NOTICE OF ENTRY**

       that the within is a (certified) true copy of a
       duly entered in the office of the clerk of the within named court on              20

☐    **NOTICE OF SETTLEMENT**

       that an order                              of which the within is a true copy
       will be presented for settlement to the HON.           one of the judges of the
       within named Court, at
       on               20           at
Dated,                                                              Yours, etc.